## In re Marcia R.

[383 A.2d 630]

No. 12-76

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed February 8, 1978

*Patrick R. Berg,* Vermont Legal Aid, Inc., Rutland, and *Judith M. Mears* and *Lissa Paris,* American Civil Liberties Union, New Haven, Connecticut (both On the Brief), for Plaintiff.

*Donald H. Hackel* and *Richard A. Pearson* of *Dick, Hackel & Hull,* Rutland, for Defendants.

*Brock & Sidel,* Montpelier, for State of Vermont.

*Edward P. Freeman,* Montpelier, for Vermont Developmental Disabilities Council.

**Barney, C.J.** The parents of Marcia R., their seriously retarded daughter, became convinced that the best interests of their child required that she be sterilized. This circumstance somehow became known to representatives of the American Civil Liberties Union. That organization began this action to prevent the sterilization.

As a result, the operation was enjoined pending hearing and a guardian ad litem appointed. At the time of the action, Marcia was sixteen and a half years old, with a mental capacity of a three-year-old child. After hearing, the lower court refused to make the injunction against the operation permanent. An appeal was taken and a lifting of the tempo-

rary injunctions stayed until disposition of the matter here. Unfortunately, the pace of natural events outran the speed of the litigation, and compels reversal without full resolution, as will be seen.

Marcia has been severely retarded since infancy. She was brought to Vermont by her parents in 1967, when she was ten. She had been institutionalized since she was three and a half. Prior to 1967, she was in a Massachusetts institution at Belchertown. She was considered a difficult patient and made no progress.

Upon coming to Vermont, she was placed in the State Training School in Brandon, Vermont, to have the benefit of treatment there. She was aggressive and frequently under restraint. With the onset of puberty, she began to have epileptic seizures. Her mental capacity is still described as that of a three-year-old child. Her present physical development presumably makes her capable of childbearing.

Since the ordinary training and educational programs at Brandon were doing nothing for her, she was placed in the so-called Green Light Program. This is an intense program involving efforts at behavior modification through reward and punishment. It requires continuous participation on the part of the plaintiff and constant supervision by specially trained staff members on a twenty-four hour basis. Marcia responded to the program and has exhibited hopeful progress.

The circumstances of the program are, however, a part of the problem. The other participants are nine males whose physical ages range from fourteen to twenty-eight. The program as structured required Marcia to live in twenty-four hour proximity to the other patients. Several episodes occurred suggesting the possibility of sexual contacts or experimentation between Marcia and other patients. Increased supervision proved inadequate to remove the risk of pregnancy.

As a result, Marcia's parents were told several things. It was indicated that if Marcia was taken from the program she would regress. They were also told that the program would not be effective if she had less than constant or twenty-four hour exposure to the program, but that Brandon could not guarantee that contacts leading to pregnancy would not happen. The parents were informed that birth control

measures were not feasible, that medication would be incompatible with the medication she was already receiving. Furthermore, she could not be supervised or controlled to the point of making use of contraceptive or intrauterine devices practical.

The remaining preventive measure was sterilization through tubal ligation. The plaintiff's parents, wishing to maintain the course of her mental progress, agreed to and arranged for this operation, now enjoined by this litigation. Although it does not dispose of any of the issues before us, later evidence did demonstrate that the predictions of regression and of the impossibility of proper supervision were not well founded.

The action brought below to bar the sterilization was a declaratory judgment proceeding. The findings disclosed that the procedures of 18 V.S.A. §§ 8701–8704 relating to voluntary sterilization were not invoked. The reasons assigned in the conclusions of law were: first, that the plaintiff was still a minor and that therefore parental authority under the circumstances resolved the issue of consent; and, second, that the references in the statute to mentally defective and mentally ill did not embrace the merely retarded.

The first justification was lost when the plaintiff became of age, which has now happened. Since this reason is not now available for review here, this opinion cannot be taken as a validation or rejection of the underlying assumption that the statutory procedures do not apply to minors. It should be noted, however, that natural guardians are referred to in 18 V.S.A. § 8702(4)(C). This is not to necessarily validate the underlying assumption, not now relevant, that the statute is now inapplicable to minors, particularly since it refers to natural guardians.

■ The second justification rests on the assumption that the statutory purpose is limited to preventing the birth of a new generation of persons mentally defective on account of genetically transmissible impairments. But the statutory language itself belies this assumption. 18 V.S.A. § 8701 refers to "the welfare of those persons likely to procreate." Thus it must be recognized that the statute is concerned with the welfare of the person whose sterilization is contemplated.

■ A part of this argument is also based on a claimed distinction between those called "retarded" and those described as "mentally defective." The various statutes make no such separate classification. There is no such separate statutory definition. See 18 V.S.A. § 7101(11) and (12). Brandon Training School is defined as an institution for the "custody, treatment, education, rehabilitation and remedial care of mentally defective persons in Vermont." 18 V.S.A. § 8801. There is a special section dealing with those mentally defective who are also delinquent, 18 V.S.A. §§ 8501–8506, but its definitions do not suggest that those mentally retarded are not within that group referred to as mentally defective. So, too, with respect to those spoken of as "retarded"; they are within the concern of 18 V.S.A. §§ 8701–8704.

18 V.S.A. § 8702 does demand a finding from two examining physicians that the person in question is likely to procreate mentally defective or mentally ill persons if not sexually sterilized. This is certainly of concern in connection with the issue of the effect of sterilization of the person upon public welfare considerations. But this is not to say that the provisions relating to the voluntariness of the sterilization of the mentally ill or defective apply only where its procedures are invoked for eugenic reasons.

■■ The provisions of 18 V.S.A. §§ 8701–8704 are applicable whenever sterilization of the mentally defective or mentally ill are to be undertaken, and need now to be resorted to here.

■ Left for resolution under appropriate factual findings are issues relating to the adequacy of the statutory treatment of consent and voluntariness. The provisions must be tested for their adequacy in protecting the individual rights involved in such a surgical invasion of the person. These questions cannot be resolved here without litigation under the statute raising such questions. The issues are not now, as a matter of law, before us, and therefore cannot be properly decided. *Beecham v. Leahy*, 130 Vt. 164, 167, 287 A.2d 836 (1972). The judgment below must, therefore, be set aside and the matter returned below for application for sterilization to be made under the statute, if the procedure is still sought.

*Judgment reversed and cause remanded with the direction that a permanent injunction issue prohibiting any sterilization procedures upon the plaintiff so long as she remains under mental disability until the procedures called for in 18 V.S.A. §§ 8701–8704 have been carried out and any judicial review thereof completed.*